UNITED STATES DISTRICT COURT 
 DISTRICT OF CONNECTICUT 

DAVID PNlAaiSnTtRiffI, 

 v. , Civil No. 3:23-cv-0056 (JBA) 

 August 16, 2023 
KATIE DYKES, Commissioner for the Department 
of EnerDgye faenndd aEnntvironmental Preservation, 
 . 

 RULING ON PLAINTIFF’S MOTIONS FOR RECONSIDERATION 

 Plaintiff moves for reconsideration [Doc. # 49] of this Court’s order dismissing the 
case for lack of standing, arguing that the Defendant and the Court did not make clear that 
the issue of whether there was a credible threat of prosecution wSaese at issue, and as a result, 
he failed to submit evidence he now asks the Court to consider. ( Pl.’s Mem. in Support of 
Mot. to Recon. [Doc. # 50].) Plaintiff’s proposed evidence is Defendant’s response to his 
 1 
interrogatories regarding DEEP’s recorded enforcement of the Challenged Regulation. 
Defendant opposes, arguing that the Court lacks jurisdiction to consider the motion, that the 
evidence is not appropriate for consideration because Defendant did not have the 
opportunity to address it at the evidentiary hearing, and that it would not have changed the 
outcome of the motion. (Def.’s Object. to Pl.’s Mot. to Recon [Doc. # 54].) 

1 
 Specifically, the evidence responds to Interrogatory # 18, which sought the number of times 
“DEEP has arrested or cited someone for a violation” of the Challenged Regulation “since 
January 1, 2013” (Pl.’s Mot. to Recon., Exhibit A, Def.’s AnsweIrds. to Pl.’s Interrogatories [Doc. 
# 50-1] at 11.) Defendant objected to the interrogatory on multiple grounds, but provided 
the information “[s]ubject to and without waiving objection.” at 12.The format of the data 
was a two-column chart showing the year and the number of times that the Challenged 
Regulation was enforced, and provided no further information on its source. 
 FBoarc kthger oreuansdo ns set forth below, Plaintiff’s motion is DENIED. 
 The Court assumes familiarity with the facts and procedural background of this case. 
Relevant to this motion, Defendant filed a motion to dismiss [Doc. # 20] on March 30, 2023 
based solely on the grounds that Plaintiff did not plausSibulsya anl Ble.g Aen tthheo nvya Lriiostu vs. rDerqieuhiraeumsents 
necessary to establish pre-enforcement standing under , 573 
U.S. 149 (2014). In her motion to dismiss, Defendant noted that “Plaintiff does not allege that 
he has ever been arrested, fined, evicted, or subject to any other adverse action for carrying 
handgun in a state park or forest, or that the State has threatened to take any such action 
against him.” (Def.’s Mot. to Dismiss at 2.) Defendant acknowledged that “[w]hen an 
individual is subject to such a threat [of enforcement], an actual arDrersiet,h paruoss, ecution, or other 
enforcement action is not a prerequisite to challenging the law,” 574 U.S. at 158-
159, so long as the plaintiff has “an intention to engage in a course of conduct arguably 
affected with a constitutional interestI, db.u t proscribed by a statute, and there exists a credible 
threat of prosecution thereunder[.]” at 159. Defendant further noted that the “threat of 
future enDforirecheamuesnt must also be ‘sufficiently imminent.’” (Def.’s Mot. to Dismiss at 4) 
(quoting , 574 U.S. at 59). 
 In his opposition, Plaintiff argued that “[i]f he violates the law, he will face 
punishment. Thus, the Court should find that he has plausibly alleged a particularized 
injury,” and supported that argument with examples of the penalties and consequences he 
could face for violating the Challenged Regulation. (Pl.’s Opp’n to Mot. to Dismiss [Doc. # 27] 
at 7.) In her reply, Defendant reemphasized the need for Plaintiff to demonstrate a credible 
threat of enforcement for ovrio al actriendgi bthlee tChhraeallte nofg pedro Rseecguutliaotnion, asserting that “Plaintiff cannot 
establish concrete intent ” (DefS.’es eM iTdD. Reply [Doc. # 33] at 
6) (emphasis added), discussing several supporting cases. ( at 6-7.) The Court 
informed the parties in advance via email that it would be hearing argument on the issue of 
standing at the scheduled preliminary injunction hearing; both parties, as well as the Court, 
asked questions of the witnesses regarding whether and how often the Challenged 
Regulation was enforced. 
 The Court issued its ruling dismissing the case for lack of standing on July 12, 2023 
[Doc. # 46]. Plaintiff filed a notice of appeal with the Second Circuit on July 12, 2023 and filed 
a motion to reconsider the order of dismissal on July 17, 2023; the Second Circuit issued an 
or der hLoeldgianlg S tthaen adpaprdea l in abeyance until the resolution of this motion. 
 “The major grounds justifying reconsideration” under both Second Circuit precedent 
and D. Conn. Loc. R. 7(c) “are ‘an intervening change of controlling law, the avaiVlairbgiliinty A otlf. 
nAeirww aeyvsid, Letndc. ev,. oNra tth'le M needeiadt tioon c oBrdrect a clear error or prevent manifest injustice.’” 
 ., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, 
A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790.) “A motion for 
reconsideration may not be used to plug gaCpasi riens av.n A odraimgisn,al argument or to argue in the 
alternative once a decision has been made,” No. 3:17-CV-1993(AWT), 2019 
 2 
WL 8807865, at *1 (D. Conn. Apr. 23, 2019), noDra tvoi d“asodnv avn. cSec unlelyw facts, issues or arguments 
not previously presented before the [c]ourt.” , 172 F. Supp. 2dS 4h5ra8d, e4r6 v1. 
(CSS.XD .TNr.aYn. 2sp0.0, I1n)c. .T, he standard for granting a motion for reconsideration is “strict,” 
 70 F.3d 255, 257 A(2nadl yCtiirc. a1l9 S9u5r)v,e ayns,d I nac m. vo. Ttioonng fao rP arertcnoenrssi,d Le.Pra.tion is not “a 
vehicle for relitigataisn ag moledn idsesdues,” , 684 F.3d 36, 
52 (2d Cir. 2012), (July 13, 2012). 

2 
 Unless otherwise indicated, internal citations, quotation marks, and other alterations are 
omitted throughout in text quoted from court decisions. 
 Discussion 
 A. Jurisdiction 
 “A federal district court Raincdh av .f eAdsesroacli actoeudr tB orfa anpdps,e aInlsc should not assert jurisdiction 
over a case simultaneously.” ., No. 08-CV-666S, 2009 WL 
236055, at *1 (W.D.N.Y. Jan. 30, 2009). A timely motion for reconsiderationN “urternadceeurtsi caanl 
oCtohrepr. wv.i sLea mfinbaelr tdecision of a district court not final for purposes of appeal.” 
 , 139 S. Ct. 710, 717 (2019). “The filing of a notice of appeal is an event of 
jurisdictional significance—it confers jurisdiction on the court of appeals and divGersitgsg tsh ve. 
Pdrisotvriidcet ncto Cuortn souf mitesr c Doinstcrooul notv Ceor. ,those aspects of the case involved in the appeal.” 
 459 U.S. 56, 58 (1982). 
 Defendant asserts that this Court lacks jurisdiction to consider the motioMnil lteor 
rve. cSounpseirdienrt ebnedceanuts eo fP ltahien tSihffa hwaas naglruenakd yC ofirler.d F aa nciolittiyce of appeal. (Def.’s Object. at 2.) In 
 , No. 18-CV-1762 (RA), 2020 U.S. Dist. 
LEXIS 198711, at *2 (S.D.N.Y. Oct. 26, 2020), the district court dismissed a motion for 
reconsideration for lack of jurisdiction because “[a]lthougbhe foar edistrict court may retain 
jurisdiction over a motion for reconsideration that is fileadft er a notice of appeal, here, 
where the motion for reconsideration was filed four days the notice of appeal, that rule 
does not apply,” based on the general rule that a “federal district Icdo. u rt and a federal appellate 
court may not maintain simultaneous jurisdiction over a case.” 
 However, because the Second Circuit is holding the appeal in abeyance pending this 
ruling, there is no simultaneous assertion of jurisdiction; the Second Circuit will not rule on 
the judgment until it is final following the Court’s ruling on this motion. Further, the Second 
Circuit has recognized that “[t]he divestiture of jurisdiction rule is . .U . nniotet da S pteart esse v r. uRloed. g. .e irtss 
application is guided by concerns of efficiency anRdo ids gneort’ sautomatic.” , 
101 F.3d 247, 251 (2d Cir.1996). Following guidance, one district court has 
determined that it was appropriate to issue “clarification to aid the appeal process and to 
serve the interests of judicial economy” even when motion for clarifIinc areti oMn/ Vo fD tGh eH jAuRdMgmONenYt 
in the case was filed after the notice of appeal had already been filed. , 
No. 98 CIV. 8394 (DC), 2007 WL 895251, at *2 (S.D.N.Y. Mar. 16, 2007). 
 Because the Second Circuit has held the appeal in abeyance pending resolution of this 
motion rather than Ians sreer Mtin/gV DexGc lHuAsiRvMe OjuNrYis diction over Plaintiff’s appeal, the Court 
concludes that as in , it is appropriate to consider the merits of 
PlaintifBf’s. motiMone rfiotrs r econsideration and that it retains the jurisdiction to do so. 
 Plaintiff seeks reconsideration on the basis that “the Defendant never raised a claim 
that it did not enforce the law or that Nastri had not alleged a credible threat of prosecution,” 
and that he “fairly relied on the parties’ framing”, which “led him to reasonably believe that 
the issue of whether he faced a credible threat of prosecution based on the Defendant’s 
record of enforcing the law was not in dispute.” (Psul.a’s sMpoenmt.e ,a t 2-3.) Plaintiff acknowledges 
that the Court may take up the issue of standing but he submits that if he had 
known the credible threat of prosecution was disputed, he would have introduced 
interrogatory responses from Defendant showing that “the number of times that [DEEP] 
enforceIdd”. the Challenged Regulation was between 1 and 10 per year between 2016 and 
2022. ( at 2, 5.) In Plaintiff’s view, these statistics “weigh in favor of the Court revisiting its 
finding” that there was no credible threaItd .o f prosecution, and failure to consider this 
evidence would be a “manifest” injustice. ( at 2, 4.) Defendant maintains that the Court 
should decline to consider the evidence because it was available at the time the substantive 
motion was decided, and because it was not offered, Defendant was given no opportunity to 
challenge its admissibility or offer arguments as to its weight; even if considered, however, 
Defendant argues that the evidence is consistent with testimony that the regulation was only 
rarely enforced, and does not rise to the level of establishing a credible threat of prosecution 
sufficient to demonstrate standing. (Def.’s Opp’n at 1.) 
 Plaintiff’s position that the lack of a credible threat of prosecution was not raised by 
Dsueafe snpdoanntet, and that the Court’s ruling was a manifest injustice because it dismissed the case 
 based without giving Plaintiff a chance to be fully heard on that issue, isE wlliinthgotount 
mCreerdiitt. F“uPnladi,n Lttifdf.s v b. Seealre ctth Peo brtufrodlieon S eorfv sa.l, lIengci.ng facts that demonstrate standing,” 
 , No. 08 CIV. 2437 (RJS), 2012 WL 13065889, at 
*2 (S.D.N.Y. Feb. 3, 2012), and Defendant’s motion to dismiss put Plaintiff on notice that she 
was challenging the complaint’s sufficiency as to his pre-enforcement standing claim. The 
Court recognizes that Defendant’s motion to dismiss focused more attention on whether 
Plaintiff’s intention to engage in the proscribed conduct was sufficiently concrete, and 
whether he planned to visit state parks and forests in the immediate future, than on the issue 
of credible threat of prosecution. However, both of those questions are inherently tied to the 
Dqurieeshtaiouns of whether a credible and imminent threat of enforcement existed under the 
 test. The core premise of pre-enforcement challenges, which are exceptions to the 
general rule that a plaintiff must already have suffered an injury to have standing, is that a 
plaintiff need not actually commit an illegal act and wait until what heo bnelyli eves is an unlawful 
regulation or statute is enforced against him to challenge it if—and if—he would beS eine 
rDeraiel hdaaunsger of having the law enforced against him were he to engage in that conduct. 
 , 573 U.S. at 159 (“[W]e have permitted pre-enforcement review under 
circumstances that render the threatened enforcement sufficiently imminent”). 
 The record demonstrates that Plaintiff recognized the need to show a credible threat 
ocfe erntafoinrclye mimenpet.n Hdiisn gbriefing acCklnaopwpelre dvg. eAs mthnaets tthy eI nnteeerdn .t oU sShAow that a threatened injury is 
“ ” under , 568 U.S. 398, 409 (2013), 
“largely aligns” with the “concreteness requirement of a ‘credible threat of prosecution’” 
 Driehaus, 

(Pl.’s MTD Opp’n at 5) (quoting 573 U.S. at 159). The Court opened the hearing by 
reminding counsel that “standing is jurisdictional and therefore required to be established.” 
(Prelim. Inj. Day 1 Hrg. Tr. [Doc. # 37] at 10.) In addition to numerous questions about the 
potential threat of enforcement from Defendant’s counsel, the Court also questioned Plaintiff 
on whether he was aware of anyone who had had the regulation enforced against him, to 
which he replied he was not. (Prelim. Inj. Day 2 HSrtge.f fTerl .v .[ TDhoocm. #p s4o4n] at 238.) In closing 
statements, Plaintiff’s counsel analogized his caseb taos ed on a threat of pr,oasregcuuitniogn that in both 
cases, “a cessation or ceasing oIfd d. esired conduct ” should be 
sufficient to confer standing. ( at 355) (emphasis added). Counsel directly acknowledged 
the question as to whether there was a credible threat of prosecution: 
 We recognize that nobody -- there's no testimony to the effect that Mr. Nastri 
 was approached by a police officer or an EnCon officer saying if you carry a 
 handgun in state parks, we're going to prosecute you, but the statute itself, the 
 accompanying counts of the regulation itself, the accompanying consequences 
 of that regulation are sufficient notice to Mr. Nastri that he does face a threat 
 of prosecution if he carries his handgun into a state park or forest in violation 
Id. of that regulation. 
( at 355.) 
 In sum, Plaintiff’s argument that he was taken aback by the inclusion of the issue of 
enforcement of the Challenged Regulation is not a reasonable one, nor is it “manifest 
injustice” to reject it. Evidence that “was known and available” to Plaintiff when the 
opposition was filed “cannot be the basis for a successful motion for reconsideration,” nor is 
it evidence of manifest injustice—instead, it demonstrates only that Plaintiff had evidence 
that he mGalayd hstaevien svt. rGaoteldgfiicealdlly determined was not necessary, and that he now regrets his 
 3 
choice. , No. 3:18-CV-0926 (VAB), 2021 WL 1049898, at *5 (D. Conn. 

3 
 The Court also notes that the complaint was dismissed without prejudice, as required for a 
dismissal for lack of standing, leaving Plaintiff with the option of seeking to file an amended 
complaint incorporating the additional facts he now marshals. 
Mar. 19, 2021). A chance to relitigate an issue under a different strategy or with different 
evidence is instAenaadl yetxiaccatll ySu trhves .s, oInrtc .of “second bite at the apple” that makes reconsideration 
inappropriate. , 684 F.3d at 52. Motions for reconsideration “are not to 
be used as a means to reargue matters already disposed of by prior rulings orR tioc hput forward 
additional arguments that could have been raised prior to the decision,” , 2009 WL 
236055, at *1, anthda “ts hwaelrl eb ep ugtr abnetfeodre o intl yo nif tthhee uconudretr lhyains go vmeorltoioonked controlling decisions or 
factual matters and whiMchi,k hola dv. tBhaeryn bheaernt 
considered, might have reasonably altered the result before the court,” , 
 4 
554 F. SCuopnpc.l 2uds i4o9n8 , 500 (S.D.N.Y. 2008) (emphasis added). 
 Plaintiffs’ motion for reconsideration is DENIED. The Clerk is directed to notify the 
Second Circuit that a decision has been issued on the motion and to close this case. 

4 
 Plaintiff cites no cases in which the court granted a motion to reconsider premised on 
evidence available at the time the substantive motion was decided. The Court located one 
case in which a district court considered evidence newly brought to its attention despite 
there being “no legitimate reason” why it was not cited to or proffered during the substantive 
briefing on the issueF, ubnudt oLniqlyu bideactaiounse H ito wldainsg “su nLLaCm vb.i gUuBoSu As”G and definitively settled the legal 
question, leading the court to reconsider and dismiss the claims in question “for the sake of 
judicial efficiency.” , No. 15 CIV. 5844 (GBD), 2022 
WL 3904556, at *4 (S.D.N.Y. Aug. 30, 2022). Here, the evidence does not unambiguously 
decide the question of standing but would instead require the Court to resoFluvne dth Lei qoubijdeacttiioonn 
tHoo tldhien gasd LmLiCss ibility of the produced information, reopen the hearing, and conduct further 
legal analysis on whether the evidence is sufficient to confer standing; 
 is thus distinguishable. 
 IT IS SO ORDERED. 

 _______________/s/_____________________________ 

 Janet Bond Arterton, U.S.D.J. 

 th 
Dated at New Haven, Connecticut this 16 day of August, 2023